IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HERBERT E. MILLER,

     Plaintiff,                    No. CIV S-09-0915 JAM DAD PS

     v.

SUNTRUST MORTGAGE, et al.,       ORDER AND

     Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

        This case came before the court on May 29, 2009, for hearing of defendants' motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 4). Harold Jones, Esq. appeared telephonically for defendants SunTrust Mortgage, Inc. and Sterling Edmunds, Jr. Plaintiff, who is proceeding pro se in this action, made no appearance at the hearing.

        Upon consideration of all written materials filed in connection with defendants' motion, the arguments at the hearing, and the entire file, the undersigned recommends that defendants' motion to dismiss be granted and this action be dismissed with prejudice.

BACKGROUND

        Plaintiff filed his pro se complaint in Shasta County Superior Court on February 23, 2009. (Def'ts' Notice of Removal (Doc. 1), Ex. A.) Defendants SunTrust Mortgage, Inc. and

1

Sterling Edmunds, Jr., sued as SunTrust Mortgage and SunTrust Mortgage, CEO as Sterling Edmunds, Jr., removed the case to federal court on April 3, 2009, based on federal question jurisdiction. Defendants filed their motion to dismiss on April 10, 2009. Plaintiff did not file written opposition to defendants' motion and, as noted above, did not appear at the hearing. The court's docket reflects that plaintiff has filed nothing with this court since the action was removed from state court on April 3, 2009.

Plaintiff's failure to appear at the hearing on defendants' motion may, in the discretion of the court, be deemed a statement of no opposition to the granting of the motion. See Local Rule 230 (i). An inference of non-opposition in the present case is supported by plaintiff's failure to file written opposition to the motion. See Local Rule 230(c) ("No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party.").

### PLAINTIFF'S CLAIMS

Plaintiff's complaint is titled "Petition to Cancel Note and Mortgage, Claim in Recoupment, Quiet Title, and for [D]eclaratory and Injunctive Relief." (Def'ts' Notice of Removal (Doc. No. 1), Ex. A. at 1.) Plaintiff alleges that on October 8, 2006, he executed two promissory notes for real property in Shasta County, in the amounts of $240,000.00 and $59,533.28. Plaintiff further alleges that he made 30 payments on the notes and then ceased to pay. (Id., Ex. A at 4.)

Plaintiff's first cause of action seeks to set aside foreclosure sale of the property. (Id., Ex. A at 7.) Other causes of action are for alleged "failure of consideration," usury, breach of contract, "indefiniteness of contract," unconscionability, fraud, return of promissory note for cancellation, wrongful disposition by trustee, and "Civil RICO Illegality by Monopoly, Conspiracy, & Racketeering: Against Trustee and Mortgage Defendants." (Id., Ex. A at 8-16.) Plaintiff's prayer for relief requests an order quieting title in plaintiff's favor, cancellation of plaintiff's original promissory notes, damages, and an accounting.

1    Plaintiff's causes of action are predicated in part on his theories about federal
2 reserve notes, negotiable instruments, and "a fractional reserves banking system." (Id., Ex. A. at
3 5-6.) In this regard, plaintiff's complaint begins by asserting that the United States is and has
4 been "in a bankruptcy" since at least 1933, that "a new form of currency entered into circulation
5 in the system of commerce" as part of the New Deal, and that federal reserve notes have no
6 intrinsic value. (Id., Ex. A at 5.) The remainder of plaintiff's monetary arguments are
7 incomprehensible.

8    LEGAL STANDARDS APPLICABLE TO DEFENDANTS' MOTION TO DISMISS

9    The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal
10 sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.
11 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of
12 sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901
13 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to
14 relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus,
15 a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the
16 plaintiff's claims, even if the plaintiff's allegations are true.

17    In determining whether a complaint states a claim on which relief may be granted,
18 the court accepts as true the allegations in the complaint and construes the allegations in the light
19 most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.
20 United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less
21 stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519,
22 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the
23 form of factual allegations. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). The
24 court is permitted to consider material which is properly submitted as part of the complaint,
25 documents not physically attached to the complaint if their authenticity is not contested and the
26 plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los

Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

With regard to claims of fraud, "the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). "Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)). Thus, pursuant to Rule 9(b), a plaintiff at a minimum must plead evidentiary facts such as the time, place, persons, statements and explanations of why allegedly misleading statements are misleading. In re GlenFed, Inc. Sec. Litig., 42 F. 3d 1541, 1547 n.7 (9th Cir. 1994); see also Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003); Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995).[1]

ANALYSIS

Defendants seek dismissal of plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that plaintiff's claims are premised on universally rejected theories. Defendants argue that (1) plaintiff cannot quiet title without repaying what he borrowed, (2) his contract-based claims fail because they are not grounded on facts that would support any viable contract claim, (3) it is not a misrepresentation to state that federal reserve notes are lawful tender, (4) plaintiff has failed to allege sufficient facts to support a RICO claim, (5) plaintiff has failed to allege facts showing usury, (6) there has been no foreclosure to set aside, and (7) there are no facts alleged that, if proven, would show that defendants acted "ultra

---

[1] In addition, "[u]nder California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'" Vess, 317 F.3d at 1105 (quoting Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996)).

4

vires." (Def'ts' Mot. to Dismiss (Doc. No. 5) at 4-12.) Accordingly, defendants seek dismissal of this action with prejudice.

Defendants also request that judicial notice be taken of four documents. (Def'ts' Request for Judicial Notice (Doc. No. 6).) The documents, all of which appear in the public record, are as follows: (1) a copy of a complaint that plaintiff filed in Placer County Superior Court on February 28, 2009, and which was subsequently removed to federal court, where it proceeded as Herbert Miller v. American Securities Co., et al., case No. CIV S-09-0900 FCD KJM PS (E.D. Cal. 2009)[2]; (2) a copy of a complaint filed in Los Angeles County Superior Court on November 14, 2008, and removed to federal court, where it proceeded as Alejo v. Mozilo, et al., case No. 09-cv-0680 PSG CT (C.D. Cal. 2009); (3) a Deed of Trust on the property at issue in this case, recorded in the Shasta County Recorder's Office on October 16, 2006; and (4) another Deed of Trust on the property at issue in this case, also recorded in the Shasta County Recorder's Office on October 16, 2006. (Def'ts' Request for Judicial Notice (Doc. No. 6), Exs. A-D.)

On a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) (on a motion to dismiss, court may consider matters of public record); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (on a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings). Of course, a court may take judicial notice of its own files and of documents filed in other courts. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of documents related to a settlement in another case that bore on whether the plaintiff was still able to assert its claims in the pending case); Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case where the same

---

[2] On July 22, 2009, defendants' motion to dismiss the complaint in case No. CIV S-09-0900 FCD KJM PS was granted with prejudice and that case was closed.

1  plaintiff asserted similar and related claims); <u>Hott v. City of San Jose</u>, 92 F. Supp. 2d 996, 998
2  (N.D. Cal. 2000) (taking judicial notice of relevant memoranda and orders filed in state court
3  cases).  Accordingly, defendants' request for judicial notice will be granted.
4         The undersigned finds that plaintiff's failure to file written opposition and failure
5  to appear at the hearing on defendants' motion to dismiss, considered along with plaintiff's
6  failure to participate in this action in any manner since removal from state court, should be
7  deemed a statement of no opposition to the granting of defendants' motions.  Nevertheless, in
8  light of the plaintiff's pro se status, the undersigned has reviewed defendants' arguments and
9  finds them meritorious.
10        The undersigned concludes that the monetary theories which form the basis of his
11 complaint in this action are frivolous.  See <u>United States v. Condo</u>, 741 F.2d 238, 239 (9th Cir.
12 1984) (argument that federal reserve notes are not valid currency and are "merely 'debts'" has
13 been repeatedly rejected by the Ninth Circuit as frivolous); <u>Foret v. Wilson</u>, 725 F.2d 254, 254-
14 55 (5th Cir. 1984) (it is "hopeless and frivolous" to argue that only gold and silver are legal
15 tender in the United States); <u>United States v. Greenstreet</u>, 912 F. Supp. 224, 229 (N.D. Tex.
16 1996) (attacks on the legitimacy of federal reserve notes have been summarily rejected and are
17 irrational); <u>Sneed v. Chase Home Finance LLC</u>, No. 07CV0729-LAB (AJB), 2007 WL 1851674,
18 at *3 (S.D. Cal. June 27, 2007) ("It has long been established that Federal Reserve Notes are
19 legal tender and that legal tender need not consist of silver or gold."); <u>Tuttle v. Chase Home
20 Finance, LLC</u>, No. 2:08-CV-574, 2008 WL 4919263, at *3-4 (D. Utah Nov. 17, 2008) (citing
21 numerous cases dismissing frivolous arguments that only gold and silver coins are lawful
22 currency).  Plaintiff's various causes of action are also frivolous because  plaintiff has attempted
23 to transform ordinary loan transactions into racketeering activity and fraud on the basis of
24 monetary theories that were rejected long ago.
25        The undersigned has carefully considered whether plaintiff may amend his
26 complaint to state any claim upon which relief can be granted.  "Valid reasons for denying leave

to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not have to allow futile amendments). Leave to amend would clearly be futile in this instance given the fundamental nature of the deficiencies of plaintiff's complaint.  Accordingly, the undersigned will recommend that plaintiff's complaint be dismissed in its entirety with prejudice.

Defendants have included in their motion to dismiss a request that the court require plaintiff to bear defendants' costs and attorney's fees for litigating this action. Defendants urge the court to impose such costs on plaintiff as a sanction because plaintiff has filed two actions based on his frivolous theory regarding federal reserve notes.  The undersigned finds this argument by defendants unpersuasive.  The pro se plaintiff owns, or owned, property in Placer and Shasta Counties, and it is therefore unremarkable that he filed two actions (as opposed to one) predicated on the same theory.  Plaintiff is cautioned that filing additional suits based on the same discredited theory may subject him to sanctions under Federal Rule of Civil Procedure 11.  However, sanctions do not appear to be justified in this case.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that defendants' request for judicial notice (Doc. No. 6) is granted;

IT IS RECOMMENDED that:

1. Defendants' motion to dismiss (Doc. No. 4) be granted;

2. Defendants' request for sanctions in the form of an award of costs and attorney fees be denied; and

3. This action be dismissed with prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

seven days after being served with these findings and recommendations, any party may file and serve written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed and served within seven days after the objections are served.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 2, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.pro se/miller0915.oah052909.mtdgr